36 C. P. S. INC., Respondent, v. OMIE MONCE, Appellant.— Determination unanimously affirmed, with costs to the respondent.  No opinion.  Present — Peck, P. J., Glennon, Dore, Cohn and Bergan, JJ.

(June 23, 1953.)

MADELEINE LODEWICK et al., Appellants, v. MAVCO INC. et al., Respondents.— Order affirmed, with $20 costs and disbursements to the respondents.  (See *Katz* v. *Austin*, 271 App. Div. 217.)  Present — Dore, J. P., Cohn, Callahan, Breitel and Bergan, JJ.; Cohn and Callahan, JJ., dissent and vote to modify in the following memorandum: We dissent and vote to modify by allowing plaintiffs to discontinue on payment of full bill of costs.  There is no counter-claim interposed here and plaintiffs may discontinue at any time as matter of law upon imposition of appropriate terms.  There was no power in the court to require that plaintiffs discontinue upon condition that they would not bring another action for the same cause.  (*Schintzuis* v. *Lackawanna Steel Co.*, 224 N. Y. 226; *Hayes* v. *255–79th Realty Corp.*, 257 App. Div. 1048.)  If the discontinuance was sought for the purpose of enabling the plaintiffs to demand a jury trial some provision could have been made in the order to present such a result.  [See *post*, p. 685.]

In the Matter of LOUIS F. SILVERSTEIN, Appellant, against ISIDOR REISON et al., Respondents.— Order, so far as appealed from, unanimously modified to the extent of granting inspection for the period prior to November 30, 1952, at the place of business of the corporation, during business hours and in the presence of a representative or representatives of respondent Reison, and as so modified, affirmed.  Settle order on notice.  Present — Dore, J. P., Cohn, Callahan, Breitel and Bergan, JJ.

JEANETTE GREENHUT, Respondent, v. HENRY GREENHUT, Appellant.— Orders unanimously modified (1) by providing that the obligation of the husband to pay $150 for the support of the children be suspended during that part of the summer in which he pays all the expenses at camps for the maintenance of the children, and be suspended thereafter to the extent of $75 per week in such period during which he pays all the expenses of the daughter at college and while she is actually away from home at college; (2) by allowing the husband during the pendency of the action, to have, without interference, occupancy of either the city apartment maintained by him or the lakeside house, the choice to be exercised by the wife by notice in writing; (3) by fixing the counsel fee at $3,000 and, as so modified the orders are affirmed.  The injunction against the husband shall affect only the disposition of capital assets and shall not prevent transactions in the ordinary course of business.  We have considered on the basis of the record before us the wife's application to prosecute her separate appeal from that part of the order which disallows personal alimony to her, and we deny that motion.  The solution to this and the other questions in the case is an early and careful trial of all the issues raised.  Settle order on notice.  Present — Dore, J. P., Cohn, Callahan, Breitel and Bergan, JJ. [See *post*, p. 760.]